IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JAMES P. BIRTS, NATE S. ORBEN, ) <br> and DARLENE M. ORBEN, Individually, and ) <br> as Representatives of Others Similarly Situated ) <br> ) <br> PLAINTIFFS ) <br> ) <br> vs. ) <br> ) <br> THE ESTATE PLAN, INC. ) <br> ) <br> DEFENDANTS ) | Case 4:08-cv-04047-HFB |

**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
AS TO THE ESTATE PLAN, INC.**

**CAME ON TO BE CONSIDERED THIS DAY** Plaintiffs' Motion for Class Certification as to The Estate Plan, Inc.  After reviewing the motion and evidence in Plaintiffs' Complaint, the Court is of the opinion that the motion is well taken, that all of the elements for class certification have been met as to the claims against The Estate Plan, Inc., and that the motion should be **GRANTED.**  Therefore, it is hereby **ORDERED** that the following Class is certified:

> Consumers domiciled or residing in the states of Arkansas and Texas who purchased living trust documents from The Estate Plan, Inc., or any of their affiliates or agents, from January 1, 1998 through March 6, 2009.

Further, it is **ORDERED** that James P. Birts, Nate S. Orben and Darlene M. Orben are hereby appointed Class Representatives, and that the Class shall be represented by Patton Roberts, P.L.L.C., Norton & Wood, L.L.P., and Ronald S. Burnett as Class Counsel.

The Court makes the following findings of fact and conclusions of law in support of its decision to grant Plaintiffs' Motion for Class Certification.

I. **The Elements of Class Certification**

1. According to Fed. R. Civ. P. 23(a), (b), six factors must be established as part of a two-step analysis to be entitled to class certification. Under the first step, Plaintiffs must satisfy the following four requirements:

    a. the class is so numerous that joinder of all members is impracticable;

    b. there are questions of law or fact common to the class;

    c. the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    d. the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). Once Plaintiffs satisfy those four requirements, Plaintiffs must meet two requirements under the second step:

    e. that the questions of law or fact common to class members predominate over any questions affecting only individual members; and

    f. that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b).

II. **Plaintiffs Satisfy the Numerosity Requirement of FED. R. CIV. P. 23(a)(1)**

2. The class must be so numerous that "joinder of all members is impractical." FED. R. CIV. P. 23(a)(1). An arbitrary numerical limit alone neither satisfies nor fails the numerosity standard. *Gentry v. C&D Oil Co.*, 102 F.R.D. 490, 492 (W.D. Ark. 1984). The representative plaintiffs need only show that, because of numerous class members, joinder would be quite difficult or inconvenient. 7A CHARLES

ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1762, p. 176 (3d ed. 2005). At least three interrelated factors are involved in the numerosity test: (1) the number of class members; (2) the inexpediency of their joinder; and (3) the inconvenience of trying individual lawsuits. *Id.* at p. 177, 181, 211.

        3.      The Court concludes that the numerosity requirement of Rule 23(a)(1) is satisfied. The Court makes the following specific findings in support of its conclusion that the numerosity requirement is satisfied:

        a.      The class fits within the numerical and geographical range consistently found to satisfy the numerosity requirement of Rule 23(a).

        b.      As pled in the Complaint and as deemed admitted by The Estate Plan, Inc. by virtue of its default, the Class consists of thousands of senior consumers throughout Arkansas and Texas. *See* Complaint, ¶ 46; *see also* The Estate Plan Story, http://www.theestateplan.com/files/livingtrusthistory.pdf , p. 2, attached as Exhibit A to Plaintiffs' Motion for Class Certification. ("The Estate Plan has produced over 60,000 documents nationwide").

        c.      Joinder of the individual actions brought by Class Members would be impracticable.

        d.      The Class consists of thousands of individuals spread out among Arkansas and Texas.

        e.      Because the Class is geographically dispersed, it would be difficult, in not impossible to locate each Class Member and perfect service upon them for purposes of joinder.

   f. Trying each individual lawsuit against The Estate Plan, Inc. ("The Estate Plan") would be extremely inconvenient considering the possibility of undue cost, inefficiency, the time commitment for counsel and the courts, and the possibility for inconsistent adjudications.

### III. Plaintiffs Satisfy the Commonality Requirement of FED. R. CIV. P. 23(a)(2)

  4. The commonality element requires a determination that there are "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). However, not all issues of law or fact must be common. *See Gentry,* 102 F.R.D. at 493. "When the claim arises out of the same legal or remedial theory, the presence of factual variables is normally not sufficient to preclude class action treatment." *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 831 (8th Cir. 1977).

  5. The Court concludes that the commonality requirement of Rule 23(a)(2) is satisfied. Common issues of law or fact are present where, as here, the question involves one of an overarching fraudulent scheme designed to defraud senior consumers in order to entice them to purchase living trust documents from non-lawyers such as The Estate Plan. Plaintiffs allege four causes of action against The Estate Plan: fraud, unauthorized practice of law, breach of fiduciary duty, and civil conspiracy. *See* Complaint, ¶¶ 105-127. As a remedy, Plaintiffs seek the return of unjustly obtained profits, restitution, injunctive relief, exemplary damages as well as attorneys' fees. *Id.*, ¶¶ 129-140. The Court finds the following common issues of law or fact exist:

   a. Whether The Estate Plan made material misrepresentations to Plaintiffs and Class Members in order to entice them to purchase living trusts, annuities, or other products;

   b.  Whether The Estate Plan fraudulently concealed material omissions and the fact that material misrepresentations were made to Plaintiffs and Class Members;

   c.  Whether The Estate Plan engaged in the unauthorized practice of law;

   d.  Whether there was a conspiracy among The Estate Plan, John R. Vermillion, and John R. Vermillion & Associates, L.L.C. to sell the living trusts through fraud;

   e.  Whether The Estate Plan breached fiduciary duties owed to senior consumers;

   f.  Whether The Estate Plan's conduct was intentional;

   g.  Whether Plaintiffs are entitled to rescission, refund, or restitutionary damages; and

   h.  Whether Plaintiffs are entitled to injunctive relief.

## IV. Plaintiffs Satisfy the Typicality Requirement of FED. R. CIV. P. 23(a)(3)

6. The "claims or defenses of the representative parties" must be "typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). Typicality means that there are "other members of the class who have the same or similar grievances as the Plaintiff." *Alpern v. UtiliCorp United, Inc.,* 84 F.3d 1525, 1540 (8th Cir. 1996) (citing *Donaldson,* 554 F.2d at 830). The burden is "fairly easily met so long as other class members have claims similar to the named plaintiff." *Id.* (citing *DeBoer v. Mellon Mortg. Co.,* 64 F.3d 1171, 1174 (8th Cir. 1995)). Factual variations in the individual claims will not normally preclude class certification if the claim arises from the same

5

event or course of conduct as the class claims and gives rise to the same legal or remedial theory.  *Id.*

      7.      The Court concludes that the typicality requirement of Rule 23(a)(3) is satisfied.  The Court makes the following specific findings in support of its conclusion that the typicality requirement is satisfied:

      a.      The Estate Plan's conduct has affected the Class Representatives, James P. Birts, Nate S. Orben and Darlene M. Orben, and every Class Member in the same manner.

      b.      The Class Representatives and the Class seek redress for their injuries through the same four causes of action.

      c.      All of the claims arise out of fraudulent uniform presentations and notebooks/binders provided by The Estate Plan.

      d.      The Estate Plan's conspiracy with John R. Vermillion and John R. Vermillion & Associates, L.L.C. was designed specifically to defraud Arkansas and Texas senior consumers.

      e.      Accordingly, the Class Representatives' claims are typical of the Class Members' claims.

      f.      Every issue of law and fact to be determined in the trial will be identical for each Class Member.

      g.      Specifically, each Class Member's claims of liability, and compensatory and punitive damages, and other relief against The Estate Plan will succeed or fail on the same facts and legal theories.

    h. The Court's determination regarding the amount of damages owed by The Estate Plan will be based on the same facts and legal theories.

    i. The same conduct of The Estate Plan was directed at or affected both the named Plaintiffs and the Class Members.

## V. Plaintiffs Satisfy the Adequacy Requirement of FED. R. CIV. P. 23(a)(4)

  8. The class representatives must "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). The adequacy element requires an analysis of whether (1) the representatives and their attorneys are able and willing to prosecute the action competently and vigorously and (2) each representative's interest are sufficiently similar to those of the class such that it is unlikely that their goals and viewpoints will diverge. *DeBoer*, 64 F.3d at 1175; *Brancheau v. Residential Mortg. Group, Inc.,* 177 F.R.D. 655 (D. Minn. 1997).

  9. The Court concludes that the adequacy requirement of Rule 23(a)(3) is satisfied as to both Class Representatives and Class Counsel. The Court makes the following specific findings in support of its conclusion that the typicality requirement is satisfied:

    a. Plaintiffs retained the law firms of Patton Roberts, P.L.L.C., Norton & Wood, LLP, and Ronald S. Burnett.

    b. Plaintiffs' team of counsel is headed by Patton Roberts, P.L.L.C. *See* Complaint, ¶ 49; *see also* Exhibit B, Firm Resume of Patton Roberts, P.L.L.C.

    c. The Court's prior experience with Patton Roberts, P.L.L.C. and the Firm Resume reveals that Patton Roberts, PLLC includes highly experienced class action attorneys who have qualified as class counsel in numerous other class actions and have

substantial expertise in the investigation and prosecution of complex class actions, including those that involve consumer fraud.

        d.      All counsel for Plaintiffs have represented Plaintiffs with requisite zeal, skill and competence in this litigation thus far.

        e.      Class Representatives, James P. Birts, Nate S. Orben and Darlene M. Orben, seek to represent a class of Arkansas and Texas consumers who purchased living trust documents from The Estate Plan, alleging *inter alia:*

        i.      that they have been defrauded by The Estate Plan who ensured them that the living trusts were necessary for avoiding estate taxes and probate, while omitting the fact that the pour-over will would require probate;

        ii.      that The Estate Plan defrauded them by falsely representing that John R. Vermillion would advise them with respect to the living trust;

        iii.      that The Estate Plan was practicing law without a license;

        iv.      that The Estate Plan breached their fiduciary duties of care, loyalty, reasonable inquiry, oversight, good faith and supervision; and

        v.      that The Estate Plan conspired with John R. Vermillion and John R. Vermillion & Associates, L.L.C. to defraud Arkansas and Texas consumers.

        f.      Class Representatives share the Class' interest in prosecuting these claims and obtaining compensatory and punitive damages and injunctive relief against The Estate Plan.

        g.      Class Representatives interest in proceeding with this suit as a class action will in no way be antagonistic to the interests of the Class.

    h.  Class Representatives have demonstrated a willingness and interest to pursue the claims in the Complaint.

    i.  Accordingly, it is clear to the Court that the Class Representatives meet the adequacy requirement.

## VI. Plaintiffs Satisfy the Predominance Requirement of FED. R. CIV. P. 23(b)(3)

  10. Once the four requirements of Rule 23(a) are met, Rule 23(b)(3) requires the Court to examine two additional factors.  A class should be certified under Rule 23(b)(3) if the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Both inquiries call for qualitative and relative analyses.

  11. "Questions of law or fact common to class members" must "predominate over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3).  The predominance requirement tests whether the proposed class is sufficient to warrant adjudication by representation. *Brancheau,* 177 F.R.D. at 660.

  12. The questions of law and fact common to Plaintiffs in this case include, but are not limited to, the following:

    a.  Whether The Estate Plan made material misrepresentations to Plaintiffs and Class Members in order to entice them to purchase living trusts, annuities, or other products;

    b.  Whether The Estate Plan fraudulently concealed material omissions and the fact that material misrepresentations were made to Plaintiffs and Class Members;

   c. Whether The Estate Plan engaged in the unauthorized practice of law;

   d. Whether there was a conspiracy among The Estate Plan, John R. Vermillion, and John R. Vermillion & Associates, L.L.C. to sell the living trusts through fraud;

   e. Whether The Estate Plan breached fiduciary duties owed to senior consumers;

   f. Whether The Estate Plan's conduct was intentional;

   g. Whether Plaintiffs are entitled to rescission, refund, or restitutionary damages; and

   h. Whether Plaintiffs are entitled to injunctive relief.

  13. The Court concludes that the predominance requirement of Rule 23(b)(3) is satisfied. The Court makes the following specific findings in support of its conclusion that the predominance requirement is satisfied:

   a. "A claim will meet the predominance requirement when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position." *Brancheau*, 177 F.R.D. at 660 (D. Minn. 1997). Common questions of law can be decided for the entire class using the same evidence, including facts deemed admitted in the Complaint by The Estate Plan's default.

   b. The fraudulent actions and omissions Plaintiffs complain of were uniformly made to Class Members throughout the Class Period.

    c.  Plaintiffs have alleged, and The Estate Plan has admitted, that the proposed class was defrauded through uniform seminars and uniform notebooks and binders. Complaint, ¶ 6-9.

    d.  The Class should be certified because the facts deemed admitted in the Complaint by The Estate Plan's default can be applied to the Class and evidence in the Complaint can prove the issues of law and damages in the Complaint on a class-wide basis.

    e.  The possibility that the Court may be required to analyze or apply Arkansas and Texas law does not defeat certification if "one or more of the central issues in the action are common to the class and can be said to predominate." *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 117 S.Ct. 2231 (1997); *see also Brancheau*, 177 F.R.D. at 660 (D. Minn. 1997); 7A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1778, p. 528-30 (3d ed. 2005). Such is the case here; the central issues in this action predominate such that the possible application or analyses of Arkansas and Texas law should not defeat certification.

## VII. Plaintiffs Satisfy the Superiority Requirement of FED. R. CIV. P. 23(b)(3)

  14. Rule 23(b)(3) further requires that "a class action [be] superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). The efficiency and economy of litigation is a principal purpose behind the class action device. *Elizabeth M. v. Montenez,* 458 F.3d 779 (8th Cir. 2006). The maintenance of this suit as a class action conserves litigant and judicial resources by permitting the issues to be tried once in one forum, thereby avoiding a multiplicity of lawsuits on the same issues involving the same facts and defendants. *In re Federal*

*Skywalk Cases,* 680 F.2d 1175, 1186 (8th Cir. 1982). The class action device eliminates the possibility of repetitious litigation and provides small claimants with means of obtaining redress for claims too small to justify individual litigation. *Califano v. Yamasaki*, 442 U.S. 682, 690 (1979) (stating duplication of actions is the very "evil that Rule 23 was designed to prevent"); *DeBoer*, 64 F.3d at 1174.

15. The Court concludes that the superiority requirement of Rule 23(b)(3) is satisfied. The Court makes the following specific findings in support of its conclusion that the superiority requirement is satisfied:

a. The claims of James P. Birts, Nate S. Orben and Darlene M. Orben, and the class members, would not have been litigated, but for the existence of the class action device; there are simply too many class members and the individual claims are too small.

b. The economic and financial implications of complex litigation, which has long been recognized as a factor in the development of class actions and shows the vital purpose and integral role class actions play in the modern legal system, simply would have precluded the filing of the suit without the possibility of the certification of a class. *See Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326, 338-9 (1980).

c. The certification of the class is fair for both parties in this litigation.

d. The certification of the class in this case opens the door of the courthouse to Class Members that might have otherwise been close and provides an advantage to a defendant like The Estate Plan because it provides the "opportunity to

save the enormous transaction costs of piecemeal litigation[.]" *Ortiz v. Fireboard Corp.,* 527 U.S. 815, 860 (1999).

    e. This certification of the Class offers and achieves "protection of the defendant from inconsistent obligations" and creates "the provision of a convenient and economical means for disposing of similar lawsuits[.]" *U. S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 402-3 (1980).

    f. A single, class-wide adjudication of punitive damages ensures that every class member will receive his or her just share of any punitive damage award.

    g. Absent a class action, the distribution of punitive damages will be determined in a succession of individual suits with the risk that late-suing plaintiffs could have their recoveries reduced or even eliminated. *In re Federal Skywalk Cases,* 680 F.2d at 1186.

## VIII. Conclusion

  16. For the reasons discussed herein and above, and based on the findings of fact and conclusions of law set forth herein and above, the Court finds Plaintiffs' Motion for Class Certification should be and hereby is **GRANTED**.

  17. The following Class is hereby certified:

> Consumers domiciled or residing in the states of Arkansas and Texas who purchased living trust documents from The Estate Plan, Inc., or any of their affiliates or agents, from January 1, 1998 through March 6, 2009.

  18. The court further orders that James P. Birts, Nate S. Orben and Darlene M. Orben are hereby appointed Class Representatives, and that the Class shall be represented by Patton Roberts, P.L.L.C., Norton & Wood, L.L.P., and Ronald S. Burnett as Class Counsel.

IT IS SO ORDERED, this 13th day of March, 2009.

                                                      /s/ Harry F. Barnes  
                                                      Hon. Harry F. Barnes  
                                                      U.S. District Court