IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JAMES P. BIRTS, NATE S. ORBEN, and DARLENE M. ORBEN, Individually, and as Representatives of Others Similarly Situated<br><br>PLAINTIFFS<br><br>vs.<br><br>THE ESTATE PLAN, INC.<br><br>DEFENDANTS | Case 4:08-cv-04047-HFB |

### ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST THE ESTATE PLAN, INC.

**CAME ON TO BE CONSIDERED THIS DAY** Plaintiffs' Motion for Default Judgment Against The Estate Plan, Inc.  The Court held a hearing on March 6, 2009, that addressed Plaintiffs' Motion for Default Judgment.  After reviewing the motion and evidence in Plaintiffs' Complaint, and hearing arguments of counsel, the Court is of the opinion that the motion is well taken and should be **GRANTED.**  Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion for Default Judgment Against The Estate Plan, Inc. is **GRANTED**.  Further, it is

**ORDERED** that the following monetary damages are awarded to the Class of consumers domiciled or residing in the states of Arkansas and Texas who purchased living trust documents from The Estate Plan, or any of their affiliates or agents, from January 1, 1998 to the date of class certification:

1. Compensatory damages in the amount of $2,501,400.00;

2. Exemplary damages in the amount of $10,005,600.00;

3. Attorneys fees in the amount of $4,169,000.00 to be awarded out of the common fund;

4. Non-taxable costs pursuant to Fed. R. Civ. P. 23; and

5. Post-judgment interest as specified by 28 U.S.C. § 1961.

Finally, it is also **ORDERED** that The Estate Plan, Inc. shall immediately:

1. Cease all presentations or meetings where legal advice is given without the presence of a licensed attorney;

2. Clearly explain in every presentation and meeting with senior consumers that the living trust is unnecessary to avoid estate taxes due to the federal estate tax exemption amounts;

3. Clearly state in every presentation and meeting with senior consumers the exemption amounts and the fact that estate taxes may disappear entirely;

4. Undertake a public campaign to inform the general public about their prior practices;

5. Notify members of the Class as to the presence of potential restitution; and

6. Cease the production and sale of living trust documents which contain the misrepresentations and omissions Plaintiffs complain of.

**SIGNED** this 16th day of March, 2009.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
U.S. District Court